MICHAEL COYLE, Respondent, v. HENRY E. PIERREPONT, Jr., and Others, Appellants.

37h 379
167a 553

*Negligence — when a dock owner is responsible for the negligence of his engineer working an engine leased to a stevedore.*

A stevedore was employed by the owners of a vessel to unload it at docks owned by the defendants. The defendants hired to the stevedore a portable engine and boiler, with an engineer to run them, to furnish power to hoist the cargo from the vessel and lower it upon the dock. The cargo consisted of castor oil packed in wooden boxes weighing about 200 pounds each. Four boxes were placed in a sling and hoisted and lowered by a rope moved by the engine. The plaintiff, who was employed by the stevedore, was injured by being struck by one of the boxes which fell from the sling. It was claimed by the plaintiff that the engineer lowered one of the packages of boxes too fast, and then stopped it too quickly, thereby causing the accident.

*Held*, that the court properly charged that the defendants were responsible for the negligence of the engineer.

*Gerlach* v. *Edelmeyer* (88 N. Y., 645; affirming S. C., 15 J. & S., 292), followed; *Burke* v. *De Castro & Donner Sugar Refining Company* (11 Hun, 354), questioned.

Reargument of an appeal by the defendants from a judgment, entered upon a verdict recovered by plaintiff at the circuit in Kings county.

The action was brought to recover damages alleged to have been sustained by the plaintiff by reason of an injury caused by the negligence of an engineer employed by the defendants.

The plaintiff had a verdict for $500, and from the judgment entered thereupon the defendants appealed to the General Term. After argument in May, 1884, the judgment was reversed and a

new trial granted in September following, Mr. Justice DYKMAN writing the opinion. (Reported 33 Hun, 311.) At the General Term in December, 1884, a motion for a reargument was made by plaintiff. The motion was granted in February and the reargument directed at the next General Term.

*Thomas S. Moore*, for the appellants.

*Thomas D. Bell*, for the respondent.

BARNARD, P. J.:

The question in this case is whether the plaintiff was injured by the negligence of the defendants' servant. The defendants own docks in Brooklyn. One Michael Gillen, a stevedore, was employed by the owners of a vessel to unload her at these docks. The cargo consisted of castor oil packed in wooden boxes weighing each box about two hundred pounds. The defendants hired to Gillen a portable engine and boiler, with the engineer to run the same, to furnish the power to hoist from the vessel and lower upon the dock the cargo. The plaintiff was an employee of the stevedore. The engineer had the exclusive charge of the engine. Four boxes were packed in a sling. The engineer lowered one of the packages too fast and stopped it too quickly. The package was thereby broken apart and the plaintiff was injured. The court charged the jury that the defendants were responsible for the negligence of the engineer.; that in respect thereto the defendants were the masters of the engineer. This was the correct rule. Whatever question could be made upon the authority of the case of *Burke* v. *De Castro, etc., Sugar Refining Company* (11 Hun, 354), is answered by the case of *Gerlach* v. *Edelmeyer*.* The case was tried in the Superior Court of New York. The defendants in the case had contracted with two builders to furnish a boiler and engine with engineer to raise the material for building. The rope broke and killed the plaintiff's intestate. The judge charged the jury that the defendants were liable as the masters of the engineer for his negligence. The Court of Appeals affirmed the judgment. This affirmance was subsequent to the decision in the case of *Burke* v. *De Castro, etc., Sugar Refining Company*, and although the Court

---

* 88 N. Y., 645, and 15 J. & S., 292.—[REP.

of Appeals gave no opinion upon the affirmance, the opinion of the General Term of the Supreme Court distinctly upheld the charge to the jury. The Court of Appeals must have intended to sustain this opinion. If the defendants were responsible for the negligence of the engineer the other questions were settled by the jury. The plaintiff was properly on the dock. He was guilty of no negligence which contributed to the injury. The accident was not caused by an improper method adopted by the stevedore to do the work. The plaintiff was injured to the extent of the verdict. All these things are found as well as the negligence of the engineer.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., dissented.

Judgment affirmed, with costs.